Robert L. Starr (183052)
robert@starrlaw.com
Adam Rose (210880)
adam@starrlaw.com
LAW OFFICE OF ROBERT L. STARR, APC
23277 Ventura Boulevard
Woodland Hills, California 91364-1002
Telephone: (818) 225-9040
Facsimile:  (818) 225-9042

Stephen M. Harris (110626)
stephen@smh-legal.com
LAW OFFICE OF STEPHEN M. HARRIS, APC
6320 Canoga Avenue, Suite 1500
Woodland Hills, California 91367
Telephone: (818) 924-3103
Facsimile:  (818) 924-3079

Attorneys for Plaintiff
GERALD NETKIN, individually, and on behalf of a
class of similarly situated individuals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD NETKIN, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>VOLKSWGEN OF AMERICA, INC,, and DOES 1 to 10,<br><br>        Defendants.<br>_____ | NO.<br>CLASS ACTION<br><br>COMPLAINT<br><br>1. Violations of Business and Professions Code 17200<br>2. Fraud |

-1-

**INTRODUCTION**

1.  The court has jurisdiction under diversity jurisdiction, 28 USC § 1332(a), since the amount in controversy exceeds $75,000 and the plaintiff and defendant are from different states. Plaintiff is from California, and defendant is a New Jersey corporation.

2.  Venue is proper in the Central District pursuant to 28 USC § 1391(b) since a substantial part of the events or omissions on which the claims are based occurred in Los Angeles County.

3.  GERALD NETKIN ("NETKIN") brings this action for himself and on behalf all persons in California ("Class Members") who purchased or leased model year 2009 through 2015 Volkswagen diesel engine Jettas, Beetles, Golfs, and Passats, and 2009-2015 Audi diesel engine A3s ("Class Vehicles") which were manufactured, distributed, and sold by Volkswagen of America, Inc. and / or its related subsidiaries or affiliates ("VW" or "Defendant").

**PARTIES**

**Netkin**

4.  NETKIN resides in California. NETKIN purchased a new 2012 Volkswagen diesel engine Jetta ("NETKIN Vehicle") on from Volkswagen of Downtown L.A., located at 1900 South Figueroa Street, Los Angeles, California 90007. The NETKIN Vehicle was purchased primarily for personal, family and household non-commercial purposes. The NETKIN Vehicle was manufactured, sold, distributed, advertised, marketed and warranted by VW.

**Defendant**

5.  VW is a Corporation, organized and in existence under the laws of the State of New Jersey and registered with the Secretary of State to conduct business in California. At all times relevant, VW was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling

1 | automobiles and other motor vehicles and motor vehicle components throughout
2 | the United States of America.

3 | **JURISDICTION**

4 | 6.   NETKIN purchased the NETKIN Vehicle at Volkswagen of
5 | Downtown Los Angeles, located at 1900 South Figueroa Street, Los Angeles,
6 | California 90007.

7 | 7.   Due to the NETKIN Vehicle being purchased in Los Angeles County,
8 | in the state of California, and due to NETKIN residing in Los Angeles County, in
9 | the state of California, jurisdiction is proper.

10 |

11 | **APPLICABLE LAW**

12 | 8.   California law applies to the claims in this action.

13 |

14 | **FACTUAL ALLEGATIONS**

15 | 9.   VW made numerous representations regarding the performance, fuel
16 | efficiency, and emissions relating to the Class Vehicles. VW has stated, "This ain't
17 | your daddy's diesel. Stinky, smoky, and sluggish. Those old diesel realities no
18 | longer apply." VW has represented that Class Vehicles have desirable performance,
19 | desirable fuel efficiency, and have low emissions. As a result of these
20 | representations, Class Members including NETKIN eagerly purchased and leased
21 | Class Vehicles.

22 | 10.   Unfortunately VW has not been honest about the performance, fuel
23 | efficiency, and emissions relating to Class Vehicles. Federal and state government
24 | agencies have revealed that VW has installed software into Class Vehicles, called
25 | "Defeat Devices", which detect when Class Vehicles are undergoing government
26 | required emissions testing. The Defeat Devices ensure that only during such testing
27 | are the Class Vehicles' complete emissions control systems fully functional. During
28 | normal driving, the controls are not fully functional, resulting in Class Vehicles

being operated on the roadway emitting as much as 40 times the amount of pollution allowed by law.

11.     When Class Vehicles' diesel emissions controls systems are fully functional, Class Vehicles do not perform as aggressively, and are not as fuel efficient.

12.     State and federal government agencies have recently discovered the presence of Defeat Devices on Class Vehicles. As a result, VW is being forced to recall approximately 480,000 vehicles, in order to disable the Defeat Devices, and in order to make sure that Class Vehicles have properly functioning emissions control systems.

13.     Once the Defeat Devices are disabled, and the Class Vehicles are operating within the proper emissions standards, the Class Vehicles will not perform as well, and they will have less desirable fuel efficiency.

14.     VW has had exclusive knowledge of the Defeat Devices, and has actively concealed from Class Members the existence of the Defeat Devices. The existence of the Defeat Devices is material, in that the Defeat Devices result in Class Vehicles not being in compliance with state and federal law. Furthermore, now that the Defeat Devices have been exposed, the Class Vehicles will be subject to a recall, which disables the Defeat Devices, causing the Class Vehicles to not perform as well, and to get less favorable fuel efficiency.

15.     Had the presence of the Defeat Devices been known, it would have been unlawful to sell, purchase, or lease a Class Vehicle in the State of California. NETKIN and the Class Members will lose money due to diminished fuel efficiency, once the Defeat Devices are disabled. Furthermore, the performance of the Class Vehicles will be less desirable once the Defeat Devices are disabled. Had NETKIN, or any reasonable consumer known of the presence of the Defeat Devices in the Class Vehicles, NETKIN as well as any reasonable consumer would not have purchased or leased a Class Vehicle.

## TOLLING OF THE STATUTE OF LIMITATIONS

16.     VW intentionally concealed the existence of the Defeat Devices from Class Members, with intending to deceive Class Members. NETKIN and the Class Members were not reasonably able to discover the existence of the Defeat Devices until September of 2015, when the existence of the Defeat Devices became the topic of national news, as the result of a federal and state government investigations into Class Vehicles.

17.     Any applicable statute of limitation was tolled by VW's wrongful concealment of the Defeat Devices. VW is further estopped from relying on any statute of limitation because of its concealment of the Defeat Devices installed in the Class Vehicles.

## CLASS ACTION ALLEGATIONS

18.     This is a class action pursuant to Federal Rule of Civil Procedure 23(a) since the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, Netkin's claims are typical of the claims of the class, and Netkin will fairly and adequately protect class interests.

19.     Pursuant to Rule 23(b)(1), prosecuting separate actions by individual class members would create a risk of inconsistent or varyontg adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. Also, pursuant to Rule 23(b)(3), questions of law and fact common to class members predominate over questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

20.     The Class and Sub-Class are defined as:

   Class: All Persons in the State of California who purchased or leased a Class Vehicle.

Sub-Class:   All Class Members who are "consumers" within
the meaning of California Civil Code § 1761(d). Excluded
from the Class and Sub-Classes are: (1) VW, any entity or
division in which VW has a controlling interest, and its legal
representatives, officers, directors, assigns, and successors;
(2) the Judge to whom this case is assigned and the Judge's
staff; and (3) those persons who have suffered personal
injuries as a result of the facts alleged herein. NETKIN
reserves the right to amend the Class and Sub-Classes
definitions if discovery and further investigation reveal that
the Class and Sub-Classes should be expanded or otherwise
modified.

21.   Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in VW's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

22.   Typicality: The claims of the representative NETKIN are typical of the claims of the Class in that the representative NETKIN, like all Class Members, purchased and/or leased a Class Vehicle designed, manufactured, and distributed by VW.  The representative NETKIN, like all Class Members, has been damaged by VW's misconduct in that he has incurred or will incur increased fuel costs as a result of VW's wrongful conduct. Furthermore, NETKIN and the Class Members have been misled regarding the performance of the Class Vehicles. The performance of the Class Vehicles will be diminished once the Defeat Devices are disabled, and once the Class Vehicles are brought into compliance with state and

federal emissions standards. The factual bases of VW's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and intentional misconduct resulting in injury to all Class Members.

23.     <u>Commonality</u>: There are numerous questions of law and fact common to NETKIN and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

a.     whether the Class Vehicles have been equipped with Defeat Devices, which enhance Class Vehicles' performance and fuel efficiency by disabling the Class Vehicles' emissions control systems;

b.     whether the existence of Defeat Devices constitutes unlawful, fraudulent, and wrongful conduct on the part of VW;

c.     whether VW knew that the existence of the Defeat Devices was unlawful, and how long VW knew that the presence of the Defeat Devices was unlawful;

d.     whether the existence of the Defeat Devices constitutes a material fact;

e.     whether VW had a duty to disclose the existence of the Defeat Devices to NETKIN and Class Members;

f.     whether NETKIN and the other Class Members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

g.     Whether VW should be declared financially responsible for notifying all Class Members of the performance and fuel efficiency consequences of disabling the Defeat Devices;

h.     Whether VW concealed and refused to disclose the Defeat Devices from purchasers and lessees of Class Vehicles at the time of lease, sale and otherwise;

1        i.    Whether Class Members will suffer loss once the Defeat Devices

2  are disabled, and whether, and to what extent VW is obligated to compensate the

3  Class Members for any and all losses.

4        24.    Adequate Representation:  NETKIN will fairly and adequately protect

5  the interests of the Class Members.  NETKIN has retained attorneys experienced in

6  the prosecution of class actions, including consumer and product defect class

7  actions, and NETKIN intends to prosecute this action vigorously.

8        25.    Predominance and Superiority: NETKIN and the Class Members have

9  all suffered and will continue to suffer harm and damages as a result of VW's

10  unlawful and wrongful conduct.  A class action is superior to other available

11  methods for the fair and efficient adjudication of the controversy.  Absent a class

12  action, most Class Members would likely find the cost of litigating their claims

13  prohibitively high and would therefore have no effective remedy at law.  Because

14  of the relatively small size of the individual Class Members' claims, it is likely that

15  only a few Class Members could afford to seek legal redress for VW's misconduct.

16  Absent a class action, Class Members will continue to incur damages, and VW's

17  misconduct will continue without remedy.  Class treatment of common questions of

18  law and fact would also be a superior method to multiple individual actions or

19  piecemeal litigation in that class treatment will conserve the resources of the courts

20  and the litigants, and will promote consistency and efficiency of adjudication.

21        26.    Proposed Notice: Netkin proposes to send notice to the class members

22  by first class mail to each class members' last known address.

23

24            **FIRST CAUSE OF ACTION**

25        Violation of Business & Professions Code § 17200, et seq.

26            Against All Defendants

27        27.    NETKIN incorporates by reference the allegations contained in the

28  preceding paragraphs of the Complaint.

28.     Business & Professions Code § 17200 defines unfair competition including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

29.     NETKIN and the Class Members are consumers who reasonably expected VW's representations regarding the performance, fuel efficiency, and emissions to be accurate, and not intentionally misleading. Furthermore, NETKIN and the Class Members are reasonable consumers who reasonably did not expect the Class Vehicles to be equipped with unlawful Defeat Devices.

30.     VW knew that Class Vehicles were equipped with unlawful Defeat Devices. VW knew that Class Members were being intentionally misled regarding the true performance, fuel efficiency, and emission of Class Vehicles.

31.     In VW failing to disclose the existence of the Defeat Devices, failing to disclose the true performance of the Class Vehicles, and failed to disclose the true fuel efficiency of the Class Vehicles, VW has knowingly and intentionally concealed material facts and breached its duty not to do so. VW's wrongful conduct was intentional

32.     VW was under a duty to NETKIN and the Class Members to disclose the existence of the Defeat Devices in the Class Vehicles because:

        a.      VW was in a superior position to know about the existence of the Defeat Devices in the Class Vehicles;

        b.      VW made partial disclosures about the performance of the Class Vehicles, the fuel efficiency of the Class Vehicles, and the emissions of the Class Vehicles, without revealing the true nature of the Class Vehicles' performance, fuel efficiency, and emissions, and

        c.      VW actively concealed the existence of the Defeat Devices in the Class Vehicles from NETKIN and the Class Members.

33.     The facts concealed and not disclosed by VW to NETKIN and the Class Members are material in that a reasonable person would have considered

these facts to be important in deciding whether to purchase or lease a Class Vehicle. Had NETKIN and other Class Members known about the existence of the Defeat Devices in the Class Vehicles, NETKIN and the Class Members would not have purchased or leased a Class Vehicle. Furthermore, had the existence of the Defeat Devises been known, it would have been unlawful for NETKIN or the Class Members to purchase or lease a Class Vehicle.

34. VW continues to cover up and conceal the presence of the Defeat Devices, and the consequences that will occur if the Defeat Devices are disabled.

35. By its conduct, VW has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

36. VW's unfair or deceptive acts or practices occurred repeatedly in VW's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

37. As a direct and proximate result of VW's unfair and deceptive practices, NETKIN and the Class have suffered and will continue to suffer damages.

38. VW has been unjustly enriched and should be required to make restitution to NETKIN and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## SECOND CAUSE OF ACTION

Fraud

Against All Defendants

39. NETKIN incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

40. VW intentionally used Defeat Devices in order to enhance the performance and fuel efficiency of Class Vehicles.

-10-

41.     VW knew that using the Defeat Devices was unlawful, however VW used the Defeat Devices anyway, in order to increase the performance and fuel efficiency of Class Vehicles.

42.     VW knew that using the Defeat Devices resulted in Class Members, as well as federal and state governments, being misled regarding the amount of emissions being produced by Class Vehicles.

43.     VW intentionally concealed from consumers the existence of the Defeat Devices, because disclosing the existence of the Defeat Devices to Class Members would have resulted in Class Members not wanting to, and not lawfully being able to purchase or lease Class Vehicles.

44.     VW was under a duty to NETKIN and the Class to disclose the existence of the Defeat Devices because:

        a.      VW was in a superior position to know the true state of facts about the Braking System Defect in the Class Vehicles;

        b.      VW made partial disclosures about the quality of the Class Vehicles without revealing the unlawful nature of the Class Vehicles, and without revealing the truth regarding the Class Vehicles' performance, fuel efficiency, and emissions;

        c.      VW actively concealed the unlawful nature of the Class Vehicles, as well as the true performance, fuel efficiency, and emissions of the Class Vehicles, from NETKIN and the Class;

45.     The facts concealed or not disclosed by VW to NETKIN and the Class Members are material in that a reasonable person would have considered them important in deciding whether to purchase a Class Vehicle. In fact, if existence of the Defeat Devices were disclosed, Class Members would not have lawfully been able to purchase or lease Class Vehicles.  Had NETKIN and other Class Members known about the Defeat Devices installed in Class Vehicles, NETKIN and the Class Members would not have purchased and leased Class Vehicles.

46.     VW continued to conceal the presence of the Defeat Devices. Furthermore, VW continues to cover up and conceal the consequences of disabling the Defeat Devices.

47.     NETKIN and the Class Members justifiably relied on VW's representations regarding the performance, fuel efficiency, and emissions relating to the Class Vehicles. These representations proved to be false.

48.     As a direct and proximate result of VW's misconduct, NETKIN and the Class Members have suffered and will continue to suffer actual damages.

## RELIEF REQUESTED

49.     NETKIN, on behalf of himself, and all others similarly situated, requests the Court to enter judgment against VW, as follows:

a.      An order certifying the proposed Class and Sub-Classes, designating NETKIN as named representatives of the Class, and designating the NETKIN's Counsel as Class Counsel;

b.      A declaration that VW is financially responsible for notifying all Class Members about the defective nature of the Class Vehicles;

c.      An order enjoining VW from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles;

d.      An award to NETKIN and the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

e.      A declaration that VW must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, or make full restitution to NETKIN and Class Members;

f.      An award of attorneys' fees and costs, as allowed by law;

g.      An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

h.      An award of pre-judgment and post-judgment interest;

i.       Leave to amend the Complaint to conform to the evidence
produced at trial; and

j.       Other relief as may be appropriate under the circumstances.

Date:  September 21, 2015          Law Office of Robert L. Starr


                                   By:  /s/ Adam Rose
                                        Attorney for Plaintiff
                                        Gerald Netkin



**<u>JURY DEMAND</u>**

Netkin demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b)


Date: September 21, 2015           Law Office of Robert L. Starr


                                   /s/ Adam Rose
                                   Attorney for Plaintiff
                                   Gerald Netkin